Peter Jay Baskin, Gail T. Cumins, New York City, for appellee.

MARATHON OIL COMPANY et al.
Plaintiffs-Appellants,

v.

UNITED STATES DEPARTMENT OF ENERGY et al.,

and

Ashland Oil, Inc., Defendants-Appellees.

Nos. 79–3309 and 79–3310.

Temporary Emergency Court of Appeals.

Argued Dec. 18, 1980.

Decided Feb. 3, 1981.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

Erwin N. Griswold of Jones, Day, Reavis & Pogue, Washington, D. C., with whom James A. Wilderotter, Linda S. Gillespie, of the same firm, Washington, D. C., Robert J. Hoerner and Stuart Chessman of Jones, Day, Reavis & Pogue, Cleveland, Ohio, and Kent B. Hampton, Clifford O. Robinson and John A. Evans, Findlay, Ohio, were on the brief for plaintiff-appellant Marathon Oil Co.

Daniel Joseph of Akin, Gump, Hauer & Feld, Washington, D. C., with whom R. Bruce McLean, Harry R. Silver and Warren E. Connelly of the same firm, Washington, D. C., and William C. Streets, Fairfax, Va., were on the brief for plaintiffs-appellants Marathon Oil Co. and Mobil Oil Co.

Jay L. Carlson of Miller & Chevalier, Washington, D. C., with whom James P. Tuite and Stuart M. Bluestone of the same firm, Washington, D. C., John L. O'Hern, Houston, Tex., were on the brief for plaintiff-appellant Exxon Oil Corp.

Roland Selman, George A. Sears and Terry D. Carlone of Pillsbury, Madison & Sutro, Washington, D. C., were on the brief for plaintiffs-appellants Standard Oil Co. of Cal. and Chevron USA Inc.

Paul G. Wallach of Dept. of Energy, Washington, D. C., with whom Kathrine L. Henry and Mary Planty, Washington, D. C., were on the brief for defendant-appellee U. S. Dept. of Energy.

James Hamilton of Ginsburg, Feldman, Weil & Bress, Washington, D. C., with whom Fred W. Drogula, Patricia N. Blair, Gary J. Klein, Jonathan M. Weisgall of that firm, Washington, D. C., and Robert H. Compton, Ashland, Ky., were on the brief for defendant-appellee Ashland Oil, Inc.

Before HOFFMAN, METZNER and PECK, Judges.

METZNER, Judge.

This is an appeal by plaintiffs from the granting of defendants' motions for summary judgment. The appellants are a number of oil companies who were ordered by the Office of Hearings and Appeals (OHA) of the defendant Department of Energy (DOE) to allocate crude oil to defendant Ashland Oil, Inc. (Ashland). The allocation was made as a temporary exception (10 C.F.R. § 205.128) following a hearing in a proceeding instituted by Ashland for an exception (10 C.F.R. Subpart D).

Appellants argue that the temporary exception was issued without adherence to rulemaking requirements, that it was not an exception or an adjustment to any existing DOE regulatory requirement, and that there was no emergency requiring DOE action. Appellants also claim that their constitutional rights secured by the fifth amendment have been violated. They assert that the allocation resulted in a taking without just compensation, and that the conduct of the hearing was violative of procedural due process.

The Emergency Petroleum Allocation Act (EPAA), 15 U.S.C. § 751, et seq., was enacted by Congress in 1973 to effect the equitable sharing of the burdens created by the petroleum shortages and their impact on the energy needs of this country. Pursuant to that statute, the Mandatory Petroleum Allocations Regulations were adopted (10

C.F.R. Part 211) which included the Crude Oil Buy/Sell Program (10 C.F.R. § 211.65). Appellants do not challenge DOE's right to allocate crude oil supplies generally. Their objection is to the specific directive made in the proceedings here under attack.

Section 504(a) of the DOE Act (42 U.S.C. § 7194(a)) authorizes the establishment of a procedure for the purpose of seeking an exception from a rule, regulation or order issued under the EPAA "to prevent special hardship, inequity or unfair distribution of burdens." Under the established procedures, OHA may issue a temporary exception to implement on an immediate basis any relief appropriate to an application for an exception filed pursuant to Subpart D. In addition, it "may also order any person subject to the jurisdiction of the DOE under Part 211 or Part 212 [of 10 C.F.R.] to take action which OHA determines to be appropriate in order to alleviate the adverse impact which the applicant for exception relief claims would otherwise occur." Such action includes an order to a supplier to sell crude oil or a petroleum product to a firm at a price specified in or determined pursuant to a temporary exception decision.

In determining whether a temporary exception should be granted, OHA is directed to weigh the following criteria: (1) that irreparable injury will result in the event that the temporary exception is denied; (2) that such hardship is more immediate to the applicant than the other persons affected by the proceeding; (3) that public policy reasons make it desirable to grant immediate relief pending a decision on the merits; and (4) that the applicant has demonstrated a strong likelihood of success on the merits. Section 205.125.

Finally, Section 205.128(g) provides that the grant or denial of a temporary exception is not subject to administrative review.

Judicial review of matters arising under EPAA is provided by the Economic Stabilization Act of 1970 (ESA) 15 U.S.C. § 754. Section 210(a) of ESA states that "Any person suffering legal wrong because of . . . any order or regulation issued pursuant thereto [EPAA], may bring an action in a district court" for appropriate relief including injunction and declaratory judgment. The instant action was brought for injunctive and declaratory relief.

■ Since the temporary exception granted Ashland is not subject to administrative review, the question is whether the order is subject at this stage of the proceedings to judicial review.

In *Toilet Goods Association, Inc. v. Gardner,* 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967), the Court said:

"In determining whether a challenge to an administrative regulation is ripe for review a twofold inquiry must be made: first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied at that stage." 387 U.S. at 162, 87 S.Ct. at 1523.

The facts in the instant case are nowhere near comparable to those in *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Columbia Broadcasting System v. United States,* 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942); *Frozen Food Express v. United States,* 351 U.S. 40, 76 S.Ct. 569, 100 L.Ed. 730 (1956); or *United States v. Storer Broadcasting Co.,* 351 U.S. 192, 76 S.Ct. 763, 100 L.Ed. 1081 (1956), in which the court found final agency action. The day-to-day activities of the appellants are not being interfered with as a result of the temporary exception. They have already parted with their property, for which compensation can easily be made, if necessary. They have not suffered any irreparable harm. *Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974).

This case is akin to the *Toilet Goods* case, *supra,* and *Federal Trade Commission v. Standard Oil Co. of California,* —— U.S. ——, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980). In those cases the Court pointed out that since further agency action was contemplated, the cases were not ripe for judicial review. The issuance of the temporary exception here did not determine whether

Ashland would be successful in obtaining the ultimate relief requested. The final agency action may result in no harm to the appellants. The agency may make them whole if it is found that the temporary exception was improvidently granted.

It is axiomatic that agency action cannot be considered final until administrative decision-making has reached a stage where judicial review will not disrupt the orderly process of adjudication. Obviously, disruption would occur here if this court acted prior to the final decision of OHA, itself subject to further administrative review by FERC. 10 C.F.R. § 205.69B(b).

Furthermore, meaningful review is possible only on a fully developed administrative record. *City of New York v. New York Telephone Co.*, 468 F.2d 1401, 1402 (Em. App.1972).

This court, based on the knowledge of the record as reflected in this appeal, voices its concern over the delay by OHA in reaching a decision. The administrative proceedings were instituted on November 21, 1979, with a hearing on the requested relief for a temporary exception being held on November 26 and 27, 1979. The order under consideration here was issued on November 27, 1979, and was fully complied with by February 29, 1980. It is now January 1981, but no final determination has been reached. This is an inordinately long period of time in view of the stage of the development of the facts at the time of the issuance of the temporary exception.

The resolution of the constitutional issues raised by Marathon must await the final administrative ruling. *Atlantic Richfield Company v. DOE*, No. 3–22 (TECA December 30, 1980).

The judgments are affirmed for the reasons stated above.