## NAVAJO REFINING COMPANY, Plaintiff-Appellant,

v.

## DEPARTMENT OF ENERGY; Charles W. Duncan, Jr., Secretary of the Department of Energy; and the United States of America, Defendants-Appellees.

### No. 10–31.

Temporary Emergency Court of Appeals.

Argued Feb. 24, 1981.

Decided Feb. 24, 1981.

---

Raymond L. Falls, Jr., Cahill, Gordon & Reindel, New York City, with whom Thomas R. Jones and John A. Shutkin, New York City, of the same firm; Thomas W. Houghton and Richard J. Leidl, Butler, Binion, Rice, Cook & Knapp, Houston, Tex., and A. J. Losee, Losee, Carson & Dickerson, Artesia, N. M., were on brief for plaintiff-appellant.

Paul G. Wallach, Dept. of Energy, Washington, D. C., with whom Thomas A. Schweitzer, New York City, and Frank E. Massengale, were on brief for defendants-appellees.

Before BONSAL, POINTER and LACEY, Judges.

PER CURIAM.

Navajo Refining Co. ("Navajo") appeals from a decision of the United States District Court for the District of New Mexico which denied its request for a stay pending the final determination by the Department of Energy ("DOE") of its five applications for exception relief.

At the time this suit was instituted in the District Court on November 24, 1980, these five applications for exception relief were pending with the DOE and they included relief under the Delta/Beacon Doctrine. Navajo's request for temporary exception relief had been denied by DOE on November 20, 1980 and the District Court refused to vacate the denial.

On January 7, 1981, while this appeal was pending, Chief Judge Tamm granted Navajo an injunction pending appeal and an expedited appeal. On January 27, 1981, the Office of Hearings and Appeals of DOE issued a final decision granting Navajo $13,-000,000 in additional Delta/Beacon relief, to be effective with respect to Navajo's February entitlement obligations and its March entitlement obligations, if any. In addition, on February 4, 1981 DOE granted Navajo over $4,000,000 in immediate and additional entitlements exception relief conditioned upon its fulfilling its outstanding entitlements purchase obligations, which Navajo has done. Thus, today Navajo has no outstanding entitlements purchase obligations, and Navajo so concedes.

Navajo argues that under the Executive Order of January 28, 1981 which decontrolled crude oil and refined petroleum products, DOE has the power to issue entitlements notices in March to correct any errors that might have arisen during prior months, and that it may be entitled to exception relief with regard to this as well. However, this will be more properly determined after DOE establishes an adjustment mechanism pursuant to the Executive Order. Since Navajo has no outstanding entitlements purchase obligations, there is no basis for continuing the injunction.

With respect to the primary remaining issue, i. e., denial of cost disparity relief, we believe that the District Court properly denied Navajo's request to vacate DOE's denial of temporary exception relief. (See *Marathon Oil Company, et al. v. DOE and Ashland Oil Co.*, 642 F.2d 436 (Em.App.1981).

In view of the foregoing, the injunction issued on January 7, 1981 is vacated and the judgment of the District Court is AFFIRMED.